

MICHAEL A. FEDERICO, ESQ.
Nevada Bar No. 005946
RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX
301 E. Clark Avenue, Suite 1000
Las Vegas, Nevada 89101
(702) 384-4012

Attorney for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL H. DE ALVARADO,<br><br>          Plaintiff,<br><br>vs.<br><br>DAVID ROBBINS, METROPOLITAN<br>POLICE DEPT., COUNTY OF CLARK,<br>DOES 1-100, Inclusive,<br><br>          Defendants. | CV-S-00-1382-LDG---- |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Defendants, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DAVID ROBBINS and COUNTY OF CLARK, respectfully show:

I.

Petitioners are Defendants in the above-entitled action.

II.

The above-entitled action was commenced in the Eighth Judicial District Court for the State of Nevada, in and for the County of Clark County, and is now pending in that court. Process was served upon Defendants, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DAVID ROBBINS and COUNTY OF CLARK, on October 31, 2000. Copies of said Summons' and Complaint are attached hereto as Exhibits "A" and "B", respectively.

III.

This Petition is filed timely pursuant to 28 U.S.C.A. 1446(b).



IV.

Petitioners are informed and believe and thereon allege, that there have been no further proceedings or papers filed in said action.

V.

This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C.A. §1331 and 28 U.S.C.A. 2201 and is one which may be removed to this Court by Petitioners pursuant to the provisions of 28 U.S.C.A.1441(b) and §1443(2), in that it involves a federal question.

VI.

Defendants are informed and believe and thereon allege, that Plaintiff MICHAEL H. DE ALVARADO, at the time of commencing this action was, and still is, a resident of the State of Nevada.

VII.

Petitioners LAS VEGAS METROPOLITAN POLICE DEPARTMENT, COUNTY OF CLARK and DAVID ROBBINS are, and were at the time this action was commenced governmental entities and resident, respectively, within the State of Nevada.

VIII.

The above-entitled civil action is for violations of Plaintiff's federal civil rights and tort under Nevada law.

IX.

A copy of the instant Notice for Removal of Civil Action of the above-entitled action to the United States District Court, District of Nevada, together with copies of the Summons and Complaint have been deposited with the County Clerk's Office for the Eighth Judicial District, in and for Clark County, Nevada.

X.

Copies of all pleadings and papers served upon Petitioners in the above-entitled action are filed herewith.

XI.

This Notice of Removal of Civil Action is filed with this Court within thirty (30) days after receipt by Defendants of the Complaint in the above-entitled action.

WHEREFORE, Defendants pray that the above-entitled action be removed from the Eighth Judicial District Court, in and for Clark County, Nevada to this court.

DATED this ___ /7 day of November, 2000.

RAWLINGS, OLSON, CANNON,
GORMLEY & DESRUISSEAUX

By_____
MICHAEL A. FEDERICO, ESQ.
Nevada Bar No. 005946
301 East Clark Avenue, #1000
Las Vegas, Nevada 89101
Attorneys for Defendants

AFFIDAVIT OF MICHAEL A. FEDERICO

STATE OF NEVADA          )
                         ) ss:
COUNTY OF CLARK          )

MICHAEL A. FEDERICO, being first duly sworn deposes and says:

1.    That your Affiant is an attorney duly licensed to practice law in the State of Nevada and in the United States District Court, District of Nevada, and that he is a member of the law firm of RAWLINGS, OLSON, CANNON, GORMLEY & DESRUISSEAUX maintaining offices at 301 East Clark Avenue, Suite 1000, Las Vegas, Nevada.

2.    That your Affiant is the attorney for Defendants, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DAVID ROBBINS and COUNTY OF CLARK and that your Affiant has prepared and read the foregoing Notice of Removal of Civil Action and knows the matters set forth and contained therein to be true and correct to the best of your Affiant's knowledge and belief.

3.    Your Affiant further states that on November 17, 2000, he caused to be filed with the Clerk of the Eighth Judicial District Court, a copy of Defendants' Notice of Removal of Civil Action of the above-entitled action to the United States District Court for the District of Nevada

at Las Vegas, together with a copy of the Summons and the Complaint, by depositing such copies with the Deputy Clerk in the Clerk's office for the Eighth Judicial District Court of the State of Nevada at the office of the County Clerk, Clark County Courthouse, 200 East Carson Avenue, Las Vegas, Nevada 89101.

    4.      That your Affiant caused to be served a Notice and a copy of the Notice of Removal of Civil Action on MICHAEL H. DE ALVARADO, Plaintiff in Proper Person in the above-entitled action by depositing the same in the United States Mail on November 17, 2000, in an envelope properly addressed to Michael H. De Alvarado, 5274 Sacha Way, Las Vegas, Nevada 89118.

MICHAEL A. FEDERICO

SUBSCRIBED AND SWORN to before me this 17th day of November, 2000.

NOTARY PUBLIC in and for said
County and State

NOTARY PUBLIC
County of Clark-State of Nevada
MARGARET TOBLER
No. 99-25447-1
My Appointment Expires Nov. 14, 2003

Law Offices of
RAWLINGS, OLSON, CANNON
GORMLEY & DESRUISSEAUX
a Professional Corporation
301 EAST CLARK AVENUE, SUITE 1000
LAS VEGAS, NEVADA 89101-4067
(702) 384-4012   TELECOPIER (702) 383-0701

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the 17th day of November, 2000, I mailed a copy of the foregoing NOTICE OF REMOVAL OF CIVIL ACTION to the following counsel at their last known business address, postage fully prepaid thereon:

MICHAEL H. DE ALVARADO
5274 Sacha Way
Las Vegas, Nevada 89118
    Plaintiff in Proper Person

An Employee of RAWLINGS, OLSON,
CANNON, GORMLEY & DESRUISSEAUX

-5-

# EXHIBIT A

SUMM

# District Court

## CLARK COUNTY, NEVADA

MICHAEL H. DE ALVARADO,

           Plaintiff,

    -vs-
DAVID ROBBINS, METROPOLITAN
POLICE DEPT., COUNTY OF CLARK,
DOES 1-100, Inclusive,

           Defendant.

Case No. _A414327_

Dept. No. _VIII_

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEIN HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in th Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the da of service, you must do the following:

        a. File with the Clerk of this Court, whose address is shown below, a formal written response to th Complaint in accordance with the rules of the Court, with the appropriate filing fee.

        b. Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may ente a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or propert or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your respons may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commissio members and legislators, each have 45 days after service of this summons within which to file an answer or othe responsive pleading to the complaint.

Issued at the direction of:

_____
(NAME, ADDRESS)

Attorney for Plaintiff in Proper Person
    5274 Sacha Way
    Las Vegas, NV 89118

SHIRLEY B. PARRAGUIRRE, CLERK OF COUR

DANA RIVERA

By: _____
    Deputy Clerk      Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89155

           DISTRICT COURT SEAL

NOTE: When service is by publication, add a brief statement of the object of the action.
    See Rules of Civil Procedure 4(b).

Rec'd in 1000 rule
11-3-00 @ 10:10 AM

Revised 03/99/j

SUMM

# District Court

### CLARK COUNTY, NEVADA

MICHAEL H. DE ALVARADO,

                **Plaintiff,**

-vs-

DAVID ROBBINS, METROPOLITAN
POLICE DEPT., COUNTY OF CLARK,
DOES 1-100, Inclusive,

                **Defendant.**

CLARK COUNTY
COMMISSIONERS

Oct 31   4 11 PM '00

Case No.  A414327

Dept. No.  VII

## SUMMONS

**NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEIN**
**HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in th
Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the da
of service, you must do the following:

        a. File with the Clerk of this Court, whose address is shown below, a formal written response to th
           Complaint in accordance with the rules of the Court, with the appropriate filing fee.
        b. Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may ent
a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or proper
or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your respons
may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commissic
members and legislators, each have 45 days after service of this summons within which to file an answer or othe
responsive pleading to the complaint.

Issued at the direction of:

_____
(NAME, ADDRESS)

Attorney for Plaintiff in Proper Person
        5274 Sacha Way
        Las Vegas, NV 89118

SHIRLEY B. PARRAGUIRRE, CLERK OF COUR

By: _____
      DANA RIVERA
      DISTRICT
      Deputy Clerk   COURT      Date
      County Courthouse SEAL
      200 South Third Street
      Las Vegas, Nevada 89155

**NOTE:** When service is by publication, add a brief statement of the object of the action.
    See Rules of Civil Procedure 4(b).

Revised 03/99

# EXHIBIT B

MICHAEL H. DE ALVARADO
5274 Sacha Way
Las Vegas, NV 89118
(702) 871-6792

## DISTRICT COURT

## CLARK COUNTY, NEVADA

A414327

| | |
|---|---|
| MICHAEL H. DE ALVARADO, | Case No. |
| Plaintiff, | Dept. No. VIII<br>Docket No. |
| vs. | Date of Hearing: N/A<br>Time of Hearing: N/A |
| DAVID ROBBINS, METROPOLITAN POLICE DEPT., COUNTY OF CLARK, DOES 1-100, Inclusive, | **COMPLAINT** |
| Defendants. | |

### Allegations Common to All Counts

1. At all times relevant, Plaintiff was a resident of the State of Nevada and of the County of Clark.

2. At all times relevant, Defendant DAVID ROBBINS (hereinafter "ROBBINS") was a police officer assigned to the METROPOLITAN POLICE DEPT. (hereinafter "METRO") in the County of Clark, Nevada.

3. At all times relevant, METRO was the employer of DAVID ROBBINS and was responsible for the hiring, training, and/or supervision of its employees and officers. METRO is herein made a party due the negligent conduct in hiring, training and/or supervision of Defendant ROBBINS.

4. At all times relevant, the COUNTY OF CLARK (hereinafter the "COUNTY") maintained and operated a training facility or academy for the training of police and correctional officers, and the COUNTY is herein made a Defendant for its negligent training of Defendant ROBBINS.

5. At all times relevant, the DOE Defendants participated in the training, hiring, and/or

1

1B

1  supervision of the Defendant ROBBINS. The true names and identities of the DOE Defendants

2  are not currently known by Plaintiff, and when and as all of the same shall be ascertained, he

3  will amend this Complaint to incorporate them.

4       6. Plaintiff is the owner of a Westinghouse 531 Electric Moped.

5       7. The Moped is not required to be licensed in the COUNTY OF CLARK or in the State

6  of Nevada.

7       8. The Moped may be operated on public streets.

8       9. On or about September 24, 1998, Plaintiff allowed a minor, Wesley Raymond, to use

9  the Moped. Mr. Raymond was 14 years of age and operated the Moped on public streets.

10       10. On or about September 24, 1998, Defendant ROBBINS, an officer with METRO,

11  stopped Wesley Raymond at Ali-Baba and Westwind and cited Plaintiff for the operation of a

12  motor vehicle on public streets.

13       11. On or about September 24, 1998, Defendant ROBBINS had the Moped towed away

14  to Quality Towing.

15       12. Plaintiff had to pay the towing charges in order to have the Moped released.

16       13. ROBBINS had no discretion to have Quality tow the Moped.

17       14. ROBBINS acted without discretion and in a negligent and unauthorized manner.

18       15. ROBBINS failed or refused to check with his supervisor to determine if the Moped

19  was required to be licensed.

20       16. ROBBINS was negligently supervised and negligently trained in the procedure for

21  towing motor vehicles, and especially Mopeds. There was no discretion in the training program.

22       17. METRO was negligent in its hiring, supervising and training of ROBBINS. There

23  was no discretion in the supervising and training of ROBBINS.

24       18. The COUNTY OF CLARK was negligent in its training of ROBBINS.

25       19. Plaintiff has been financially harmed and has been subjected to deep and severe

26  emotional distress over the anticipated loss of his Moped.

27

28                             2

1       20. The emotional distress was a foreseeable consequence of the actions of the

2 Defendant, which actions were negligent at best, or were intended by ROBBINS to cause

3 emotional and financial harm.

**1st Claim for Relief**
(Negligence)
**DAVID ROBBINS**

6       21. Plaintiff repeats and incorporates all prior paragraphs as though the same are fully

7 set forth hereat.

8       22. ROBBINS acted without discretion and had the Moped cited and towed.

9       23. ROBBINS acted negligently and without authority, as he was under a mistaken

10 belief that the Moped was required to be licensed.

11       24. ROBBINS had a duty to know the vehicle laws, and if he was in doubt he had a duty

12 to check with his supervisors.

13       25. ROBBINS also had a duty not to cause unreasonable harm to a citizen of the State of

14 Nevada.

15       26. ROBBINS breached that duty by failing to check with his supervisor, by not being

16 informed of the vehicle laws, and by causing Plaintiff unreasonable harm and loss.

17       27. The actions of ROBBINS were the proximate and direct cause of Plaintiff's losses,

18 damages and injuries.

19       28. Plaintiff has been made to suffer financial losses, which are estimated to exceed

20 $10,000.

21       29. Plaintiff has been made to suffer deep and severe emotional distress, anxiety, stress,

22 loss of sleep and appetite over the anticipated loss of his Moped, all in excess of $10,000.

**2nd Claim for Relief**
(Negligent Hiring, Training, and Supervision)
**METRO**

25       30. Plaintiff repeats and incorporates all prior paragraphs as though the same are fully

26 set forth hereat.

27

28                             3

31. METRO was responsible for hiring, supervising and training Defendant ROBBINS.

32. These were mandatory obligations of METRO and were a duty owed to the public, and to this Plaintiff in particular.

33. METRO was negligent in its hiring practices and/or in its training, and in its supervision of ROBBINS.

34. METRO breached its duty owed to the public and in particular to this Plaintiff by failing to properly supervise and train ROBBINS.

35. It was the negligence and breach of duty that caused ROBBINS to not understand his proper role and function as an officer of METRO and his responsibilities to know the laws, or at a minimum to check with his supervisor in regards to questions of law.

36. It was the negligence and breach of duty that caused ROBBINS to injure Plaintiff both financially and emotionally.

37. The failure of METRO to properly train or supervise its officers was the direct and proximate legal cause of Plaintiff's damages and injuries as herein stated.

38. Plaintiff has been made to suffer financial losses, which are estimated to exceed $10,000.

39. Plaintiff has been made to suffer deep and severe emotional distress, anxiety, stress, loss of sleep and appetite over the anticipated loss of his Moped, all in excess of $10,000.

**3rd Claim for Relief**
**(Negligent Training)**
**COUNTY OF CLARK**

40. Plaintiff repeats and incorporates all prior paragraphs as though the same are fully set forth hereat.

41. The COUNTY OF CLARK maintains a training facility for future METRO officers.

42. The COUNTY undertook and was under a duty to train prospective candidates for METRO officers in the law as it is applied on a day-to-day basis. There is no discretion for the COUNTY in its training program.

4

43. The COUNTY was negligent in its affirmative duty to property train its candidates either in the law or how to request information from the supervisory staff at METRO.

44. The negligence of the COUNTY was the direct and proximate cause of Plaintiff's damages.

45. Plaintiff has been made to suffer financial losses, which are estimated to exceed $10,000.

46. Plaintiff has been made to suffer deep and severe emotional distress, anxiety, stress, loss of sleep and appetite over the anticipated loss of his Moped, all in excess of $10,000.

### 4th Claim for Relief
### (Alternative Claim of Civil Rights Violation
### Denial of Due Process)
### DAVID ROBBINS

47. Plaintiff pleads as an alternative claim against ROBBINS an intentional denial of due process.

48. This is a cause of action authorized by Title 42 USC 1983, 1985, or 1986.

49. The Federal and State Courts have jurisdiction under 28 USC 1343.

50. The State Court has pendant jurisdiction under the Constitution of the State of Nevada.

51. On or about September 24, 1998, Defendant ROBBINS, acting under color of his office and with the authority of the COUNTY OF CLARK, unlawfully caused a taking from Plaintiff of personal property which belonged to Plaintiff and which he at all times had a right to possess, namely a Westinghouse 531 Electric Moped.

52. ROBBINS unlawfully and wrongfully, but with specific intent to cause harm to Plaintiff, caused the Moped to be towed to Quality Towing. ROBBINS is presumed to know that law by virtue of his office and position with METRO.

53. The actions of the Defendant were wilful and calculated to cause financial and emotional harm to Plaintiff, and the said actions did in fact cause financial and emotional damages and injuries to Plaintiff.

5

54. ROBBINS deliberately and intentionally denied Plaintiff due process under the law, either procedural or substantive, and the act of ROBBINS was an arbitrary confiscation of Plaintiff's Moped.

55. ROBBINS violated specific provisions of the 14th Amendment of the United States Constitution and its counterpart in the Nevada State Constitution.

56. ROBBINS' actions have caused Plaintiff financial loss which is believed to be in excess of $10,000.

57. The actions of ROBBINS have caused Plaintiff to suffer deep and severe emotional distress, anxiety, stress, humiliation and/or mortification, all to his general damages in excess of $10,000.

58. The actions of ROBBINS were wilful, wanton, and in reckless disregard for the financial or emotional well-being of the Plaintiff and were oppressive, fraudulent and malicious so as to justify an award of exemplary damages.

59. By virtue of Defendant's conduct as aforesaid, Plaintiff seeks and is entitled to exemplary damages.

WHEREFORE Plaintiff prays judgment as follows:

1. For actual damages in excess of $10,000;

2. For costs;

3. For legal fees as they become appropriate;

4. For general damages in excess of $10,000;

5. For exemplary damages in excess of $10,000;

6. For such other and further relief as the Court may deem just and proper in the premises.

DATED _10-18-99_

Michael H. De Alvarado

6

1

## ACKNOWLEDGMENT

2   On the ___18TH___ day of October, 1999, personally appeared before me, a Notary Public in

3   and for the County of Clark, State of Nevada, Michael H. De Alvarado, who acknowledged to

4   me to be the person signing the foregoing document.

5

6   _____
    Notary Public in and for

7   said County and State

8

9   

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          7